**KAMBERLAW, LLP**
Michael Aschenbrener (SBN 277114)
masch@kamberlaw.com
9404 Genesee Ave, Suite 340
La Jolla, CA 92037
Telephone: (303) 222-0281
Facsimile: (858) 800-4277

**WOODROW & PELUSO, LLC**
Steven L. Woodrow*
swoodrow@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice* admission to be filed

Attorneys for Plaintiff Michael Papadopoulos
Dental Corporation and the Classes

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **Michael Papadopoulos Dental Corporation**, a California corporation, individually and on behalf of all others similarly situated, | Case No.  2:19-cv-1136 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| **Implant Educators, Inc.**, a Florida corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

1.     Plaintiff Michael Papadopoulos Dental Corp. ("Papadopoulos" or "Plaintiff") brings this Class Action Complaint against Implant Educators, Inc. ("Implant Educators" or "Defendant") to stop Defendant's practice of sending unsolicited fax advertisements and to obtain redress for all persons injured by its conduct. Plaintiff Papadopoulos, for its Class Action Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all

1  other matters, upon information and belief, including investigation conducted by its

2  attorneys.

3  **PARTIES**

4      2.    Plaintiff Michael Papadopoulos Dental Corporation is a corporation

5  incorporated and existing under the laws of the State of California with its principal

6  place of business located at 520 Redondo Ave, Long Beach, CA 90814.

7      3.    Defendant Implant Educators, Inc. is a corporation incorporated and

8  existing under the laws of the State of Florida. Its principal place of business is

9  located at 4745 SW 148th Avenue, Suite 302, Davie, Florida 33330. Its registered

10 agent is Katherine A. Ferguson. Implant Educators does business throughout the

11 United States, including in the State of Florida and in this District.

12 **JURISDICTION & VENUE**

13     4.    This Court has subject matter jurisdiction over this action pursuant to 28

14 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47

15 U.S.C. § 227, a federal statute. On information and belief, the Court also has

16 jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). The

17 alleged Classes consist of over 100 persons each, there is minimal diversity, and the

18 claims of the class members when aggregated together exceed $5 million. Further,

19 none of the exceptions to CAFA applies.

20     5.    The Court has personal jurisdiction over Defendant and venue is proper

21 because Defendant regularly conducts business in this District, and a substantial part

22 of the acts giving rise to the claim occurred in or were directed to individuals within

23 this District. The faxes at issue were directed to consumers within this District.

24 **COMMON ALLEGATIONS OF FACT**

25     6.    This case challenges Defendant's practice of sending unsolicited fax

26 advertisements.

27     7.    The Telephone Consumer Protection Act of 1991, as amended by the

28 Junk Fax Prevention Act of 2005 ("JFPA" or the "Act"), 47 USC § 227, *et seq.*, and

the regulations promulgated under the Act, prohibit a person or entity from faxing or having an agent fax advertisements without the recipient's prior express consent, invitation, and permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation. Upon information and belief, Defendant has sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Classes in violation of the JFPA. (*See* "Implant Educators Fax," a true and correct copy of which is attached hereto as Exhibit A.)

8.    The Implant Educators Fax promotes the services and goods of Defendant, namely dental implant courses. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the JFPA.

9.    Unsolicited faxes cause concrete and particularized legal harm and damages to their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's time that would have been spent on something else. A junk fax also invades the recipient's privacy. Moreover, unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

10.    On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the JFPA.

11.    Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited

1  advertisements in violation of the JFPA; and (ii) an award of statutory damages in

2  the minimum amount of $500 for each violation of the JFPA, and to have such

3  damages trebled in the event willfulness is shown, as provided by § 227(b)(3) of the

4  Act.

5  **FACTS SPECIFIC TO PLAINTIFF PAPADOPOULOS**

6  12.    On June 15, 2017, Defendant transmitted by telephone facsimile

7  machine an unsolicited fax to Plaintiff from the fax number (954) 206-2218. (*See* Ex.

8  A.)

9  13.    Implant Educators knew about, profited from, and received the benefits

10  of marketing of its products and services through its faxes and is a responsible party

11  under the JFPA.

12  14.    Defendant created or made Exhibit A, which Defendant knew or should

13  have known advertises Defendant's goods or services (namely, its dental implant

14  courses) that Defendant intended to and did in fact distribute to Plaintiff and the

15  other members of the Classes.

16  15.    Exhibit A is part of Defendant's work or operations to market

17  Defendant's goods or services, which are performed by Defendant and/or on behalf

18  of Defendant. Therefore, Exhibit A constitutes material furnished in connection with

19  Defendant's work or operations.

20  16.    Plaintiff had not invited nor given permission to Defendant to send the

21  Implant Educators Fax and had no prior relationship with Defendant.

22  17.    On information and belief, Defendant faxed the same, or substantially

23  similar, unsolicited facsimile to Plaintiff and more than 40 other recipients without

24  first receiving the recipients' express permission or invitation.

25  18.    There is no reasonable means for Plaintiff (or any other class member)

26  to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive

27  the urgent communications their owners desire to receive.

28

**CLASS ACTION COMPLAINT**          - 4 -

19.     Defendant's facsimile did not display a proper opt-out notice as required by 47 C.F.R. § 64.1200 because it failed to apprise recipients of their legal right to opt-out, the consequences of Defendant's failure to honor opt-out requests, and other required notifications.

**CLASS ACTION ALLEGATIONS**

20.     In accordance with Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this class action for claims under the JFPA, on behalf of the following two classes:

**Junk Fax Class:** All persons who (1) on or after four years prior to the filing of this action through the date on which notice is sent to the Class, (2) were sent, by Defendant or on Defendant's behalf, (3) a telephone facsimile message substantially similar to Exhibit A, (4) from whom Defendant claims it obtained prior express permission or invitation to send those faxes in the same manner as Defendant claims it obtained prior express consent to fax the Plaintiff.

**Insufficient Opt-Out Notice Class:** All persons who (1) on or after four years prior to the filing of this action through the date on which notice is sent to the Class, (2) were sent, by Defendant or on Defendant's behalf, (3) a telephone facsimile message substantially similar to Exhibit A, (4) which displayed the same, or substantially similar, opt-out notice as Exhibit A.

21.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally

1  adjudicated and/or released. Plaintiff anticipates the need to amend the class

2  definition following appropriate discovery.

3      22.   **Numerosity:** The exact number of members within the Classes is

4  unknown and not available to Plaintiff at this time, but individual joinder is

5  impracticable. On information and belief, Defendant sent unsolicited fax

6  advertisements to hundreds if not thousands of persons who fall into the defined

7  Classes. The exact number of members of the Classes can only be identified through

8  Defendant's records.

9      23.   **Commonality:** Common questions of law and fact apply to the claims

10 of all class members. Common material questions of fact and law include, but are

11 not limited to, the following:

12          a.   Whether the Defendant sent unsolicited fax advertisements;

13          b.   Whether the Defendant's faxes advertised the commercial

14     availability of property, goods, equipment, or services;

15          c.   Whether Defendant procured prior express invitation or

16     permission from the recipients to send the faxes;

17          d.   Whether the Defendant sent the faxed advertisements knowingly

18     or willfully such that treble damages are warranted; and

19          e.   Whether the faxes contained an "opt-out notice" that complies

20     with the requirements of § 227(b)(1)(C)(iii) of the Act, and the regulations

21     promulgated thereunder, and the effect of the failure to comply with such

22     requirements.

23     24.   **Typicality:** The Plaintiff's claims are typical of the claims of all class

24 members. The Plaintiff received the Implant Educators Fax sent by or on behalf of

25 the Defendant advertising goods, equipment, and/or services of the Defendant during

26 the relevant time period. The Plaintiff is making the same claims and seeking the

27 same relief for itself and all class members based upon the same federal statute. The

28

**CLASS ACTION COMPLAINT**          - 6 -

Defendant has acted the same or in a similar manner with respect to the Plaintiff and all the class members.

25.    **Adequate Representation:** The Plaintiff and its counsel will fairly and adequately represent and protect the interests of the Classes. It is interested in this matter, has no actual conflicts of interest with any of the other class members and has retained experienced class counsel to represent the Classes.

26.    **Conduct Similar Towards All Class Members:** Class certification is appropriate because the Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and corresponding declaratory relief appropriate. The Plaintiff requests such relief as authorized and appropriate by 47 U.S.C. § 227, *et seq.*

27.    **Predominance, Superiority, and Manageability:** Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a.    Proof of the claims of the Plaintiff will also prove the claims of the Classes without the need for separate or individualized proceedings;

b.    Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

c.    The Defendant has acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d.    The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

e.    This case is manageable as a class action in that:

i.    The Defendant identified persons or entities to receive the fax transmission and it is believed that the Defendant's computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

ii.    Liability and damages can be established for the Plaintiff and the Classes with the same common proofs;

iii.    Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

iv.    A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

v.    A class action will contribute to uniformity of decisions concerning the Defendant's practices; and

vi.    As a practical matter, the claims of the Classes are likely to go unaddressed absent class certification.

## FIRST CAUSE OF ACTION

### Violation of 47 U.S.C. § 227, *et seq.*

### (On Behalf of Plaintiff and the Junk Fax Class)

28.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

29.    The JFPA makes unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . ." 47 U.S.C. § 227(b)(1)(C).

30.    The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services

1   which is transmitted to any person without that person's prior express invitation or

2   permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

3        31.    The faxes sent by Defendant advertised dental implant courses for sale

4   by Defendant, were commercial in nature, and constitute advertisements under the

5   JFPA.

6        32.    Plaintiff and the other class members never gave prior express consent,

7   invitation, or permission to receive the faxes.

8        33.    **The Implant Educators Faxes.** Defendant sent the June 15, 2017

9   Implant Educators Fax and substantially similar Implant Educators Faxes via

10  facsimile transmission from telephone facsimile machines, computers, or other

11  devices to the telephone facsimile machines of Plaintiff and members of the Junk

12  Fax Class. The Implant Educators Fax constituted an advertisement under the Act.

13  Defendant failed to comply with the Opt-Out Requirements in connection with the

14  faxes. The Implant Educators Faxes fail to apprise recipients of their legal right to

15  opt-out and instead merely advise recipients that they have the ability to opt-out. The

16  faxes were transmitted to persons or entities without their prior express permission

17  or invitation and/or Defendant is precluded from asserting any prior express

18  permission or invitation because of the failure to comply with the Opt-Out Notice

19  Requirements. Defendant violated the JFPA and the regulations promulgated

20  thereunder by sending the Implant Educators Fax via facsimile transmission to

21  Plaintiff and members of the Implant Educators Junk Fax Class.

22       34.    **Defendant's Other Violations of the Act.** Plaintiff is informed and

23  believes, and upon such information and belief avers, that during the period

24  preceding four years of the filing of this Complaint and repeatedly thereafter,

25  Defendant has sent via facsimile transmission from telephone facsimile machines,

26  computers, or other devices to telephone facsimile machines of members of the Junk

27  Fax Class faxes that constitute advertisements under the JFPA that were transmitted

28  to persons or entities without their prior express permission or invitation (and/or that

Defendant is precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). Defendant violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant is continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

35.     The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Junk Fax Class members to redress Defendant's violations of the Act and provides for statutory damages. 47 U.S.C. § 227(b)(3), *et seq.* The Act also provides that injunctive relief is appropriate. *Id.*

36.     The Defendant is liable to the Plaintiff and the other members of the Junk Fax Class even if it did not intend to send the faxes or to send them without first obtaining prior express invitation or permission.

37.     Defendant knew or should have known that: (a) the Plaintiff and the other members of the Junk Fax Class had not given express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's goods or services, namely its courses; (b) the faxes constituted an advertisement; and (c) the Implant Educators Faxes did not adequately apprise recipients of their legal rights to opt-out. Defendant knew it was sending junk faxes and acted in conscious disregard of that fact.

38.     The Defendant's actions caused damage to the Plaintiff and the other class members. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendant's unauthorized faxes. That time otherwise

would have been spent on the Plaintiff's business activities. The Defendant's faxes unlawfully invaded the Plaintiff's and other Junk Fax Class Members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other members of the Junk Fax Class from the sending of Defendant's advertisements occurred outside of Defendant's premises.

39.     As a result of Defendant's conduct, Plaintiff and the other members of the Junk Fax Class are each entitled to, pursuant to § 227(b)(3)(B) of the Act, a minimum of $500.00 in damages for each violation of such Act.

40.     Furthermore, in the event the Court finds that Defendant's conduct was willful and knowing, the Court should, pursuant to § 227(b)(3)(C) of the Act, treble the amount of statutory damages recoverable by Plaintiff and the other members of the Junk Fax Class.

**SECOND CAUSE OF ACTION**

**Violation of 47 U.S.C. § 227, *et seq.***

**(On Behalf of Plaintiff and the Insufficient Opt-Out Notice Class)**

41.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

42.     **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in § 227(b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

a.     a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements—knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

b.     a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful—thereby

encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth"; and

c.      a statement advising the recipient that he or she may opt-out with respect to all of his or its facsimile telephone numbers, and not just with respect to the number or numbers at which fax advertisements have been received from the sender—thereby instructing a recipient on how to make a valid opt-out request for all of his or its fax machines.

43.      The requirement of (a) above is incorporated from § 227(b)(D)(ii) of the Act. The requirement of (b) above is incorporated from § 227(b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005*, 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (c) above are contained in § 227(b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § 227(b)(2)(D)(ii) of the Act. Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of fax machines giving them the right, and means, to stop unwanted faxed advertisements. As a result of such requirements, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxes advertisement gave "prior express permission or invitation" to receive the faxes nor can the sender claim the exemption from liability contained in § 227(b)(C)(1) of the Act.

44.      **The Faxes.** Defendant sent Exhibit A via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and members of the Insufficient Opt-Out Notice Class. The

Implant Educators Fax constituted an advertisement under the Act. Defendant failed to comply with the Opt-Out Requirements in connection with the faxes. The faxes failed to apprise recipients of their legal right to opt-out, failed to provide a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful, and failed to provide a statement advising the recipient that he or she may opt-out with respect to all of his or its facsimile telephone numbers, and not just with respect to the number or numbers at which fax advertisements have been received from the sender. The faxes were transmitted to persons or entities without their prior express permission or invitation and/or Defendant is precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements. Defendant violated the JFPA and the regulations promulgated thereunder by sending the faxes via facsimile transmission to Plaintiff and members of the Insufficient Opt-Out Notice Class.

45. **Defendant's Other Violations of the Act.** During the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Insufficient Opt-Out Notice Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation (and/or that Defendant is precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). Defendant violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant continues to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

46.     The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Insufficient Opt-Out Notice Class to redress Defendant's violations of the Act and provides for statutory damages. 47 U.S.C. § 227(b)(3), *et seq.* The Act also provides that injunctive relief is appropriate. *Id.*

47.     The JFPA is a strict liability statute. The Defendant is liable to the Plaintiff and the other class members even if it did not intend to send the faxes or to send them without first obtaining prior express invitation or permission.

48.     The Defendant knew or should have known that: (a) Plaintiff and the other members of the Insufficient Opt-Out Notice Class had not given express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's goods or services; (b) the faxes constituted an advertisement; and (c) the faxes did not provide a cost free means for recipients to opt-out. Defendant acted in conscious disregard of such facts.

49.     The Defendant's actions caused damage to Plaintiff and the other members of the Insufficient Opt-Out Notice Class. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendant's unauthorized faxes. That time otherwise would have been spent on the Plaintiff's business activities. The Defendant's faxes unlawfully invaded the Plaintiff's and other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendant's advertisements occurred outside of Defendant's premises.

50.     As a result of Defendant's conduct, Plaintiff and the other members of the Insufficient Opt-Out Notice Class are each entitled to, pursuant to § 227(b)(3)(B) of the Act, a minimum of $500.00 in damages for each violation of such Act.

51.     Furthermore, in the event the Court finds that Defendant's conduct was willful and knowing, the Court should, pursuant to § 227(b)(3)(C) of the Act, treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Opt-Out Notice Class.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Papadopoulos, on behalf of itself and the Classes, prays for the following relief:

A.     An order certifying this case as a class action on behalf of the Classes as defined above, appointing Plaintiff Papadopoulos as the representative of the Classes, and appointing its attorneys as Class Counsel;

B.     An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the class members;

C.     An order declaring that Defendant's conduct was willful and knowing, and thus an award of actual monetary loss from Defendant's violations or the sum of one thousand five hundred dollars ($1,500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of Plaintiff and the class members;

D.     An order declaring that Defendant's faxes constitute unsolicited advertisements, that Defendant sent the faxes without first obtaining prior express invitation, permission, or consent of the recipients, that the faxes lack the legally required opt-out language, and enjoining Defendant from further violations, and otherwise protecting the interests of the Classes;

E.     An award of pre-judgment interest;

F.     An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

G.     Such further and other relief the Court deems reasonable and just.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: February 14, 2019

**MICHAEL PAPADOPOULOS DENTAL CORPORATION**, individually and on behalf of all others similarly situated,

By:    /s/ Michael Aschenbrener
One of Plaintiff's Attorneys

Michael Aschenbrener
masch@kamberlaw.com (SBN 277114)
KamberLaw, LLP
9404 Genesee Ave, Suite 340
La Jolla, CA 92037
Telephone: (303) 222-0281
Facsimile: (858) 800-4277

Steven L. Woodrow
swoodrow@woodrowpeluso.com*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice admission to be sought*

Counsel for Plaintiff and the Putative Classes

**CLASS ACTION COMPLAINT**                          - 16 -